IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


PATRICK HENRY M.,[1]                 No. 3:17-cv-00548-HZ

        Plaintiff,                     OPINION & ORDER

    v.

COMMISSIONER, Social Security
Administration,

        Defendant.


HERNÁNDEZ, District Judge:

Plaintiff brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). Because the Commissioner's decision is free of legal error and supported by substantial evidence in the record, the Court AFFIRMS the decision and DISMISSES this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for non-governmental party's immediate family members.

BACKGROUND

Plaintiff was born on August 20, 1954 and was fifty-seven years old on August 1, 2012, the alleged disability onset date. Tr. 19, 28.[2] Plaintiff met the insured status requirements of the Social Security Act ("SSA" or "Act") through December 31, 2013. Tr. 19. Plaintiff has at least a high school education and is unable to perform any past relevant work. Tr. 28. Plaintiff claims he is disabled based on conditions including depression, Post-Traumatic Stress Disorder (PTSD), Irritable Bowel Syndrome (IBS), and blindness in one eye. Tr. 194.

Plaintiff's benefits application was denied initially on July 22, 2013, and upon reconsideration on December 11, 2013. Tr. 19. A hearing was held before Administrative Law Judge John Michaelsen on September 28, 2015. Tr. 34–56. ALJ Michaelsen issued a written decision on October 8, 2015, finding that Plaintiff was not disabled and therefore not entitled to benefits. Tr. 19–29. The Appeals Council declined review, rendering ALJ Michaelsen's decision the Commissioner's final decision. Tr. 1–6.

SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the

---

[2] Citations to "Tr." refer to the administrative trial record filed here as ECF No. 15.

claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 21.

At step two, the ALJ determined that, through the date last insured, Plaintiff "had the following severe impairments: loss of vision in the right eye; a history of chronic, intermittent diarrhea; history of major depressive disorder and PTSD; status post fracture with rule out of carpal tunnel syndrome in the left upper extremity." Tr. 21–22. The ALJ determined that Plaintiff's history of kidney stones and renal colic were not severe. Tr. 22.

At step three, the ALJ determined that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22. In particular, the ALJ found that Plaintiff's conditions did not meet the requirements of Listing 1.02, 2.02, 12.04, or 12.06. Tr. 22–24.

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work except that

> he can occasionally climb or crawl. He can frequently reach with his left upper extremity. He can frequently handle, grasp, and finger with his left hand. He must avoid concentrated exposure to unprotected heights, moving machinery and similar hazards. He can perform only simple, routine, and repetitive tasks. He must have close, ready access to bathroom facilities on an as needed basis.

Tr. 24–27.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 28. At step five, the ALJ relied on the testimony of a vocational expert to find that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 28–29. Accordingly, the ALJ concluded that Plaintiff was not disabled through the date last insured. Tr. 29.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d

1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

### I. Disability Onset Date

Plaintiff argues the ALJ improperly relied on the wrong alleged onset date of disability. Plaintiff originally alleged disability beginning January 30, 2008. Tr. 19. At the hearing before the ALJ, Plaintiff amended that date to August 1, 2012, in response to the ALJ's concerns about his earnings before that date. Tr. 42–45. Plaintiff is correct that the ALJ references the wrong onset date three times throughout the opinion. *See* tr. 19, 21, 29. However, this error was harmless.

Harmless error principles apply in the Social Security Act context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). A mistake in an ALJ's decision is harmless error if it was nonprejudicial to the claimant or irrelevant to the ultimate disability conclusion. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). A court "look[s] at the record as a whole to determine whether the error alters the outcome of the case." *Molina*, 674 F.3d at 1115. This determination is made on a more-probable-than-not basis. *Id*. at 1119.

Plaintiff has not shown that the ALJ's citations to the wrong disability onset date altered the outcome of the case. For example, while the ALJ incorrectly referenced the wrong onset date at step one, the ALJ correctly concluded that Plaintiff had not engaged in substantial gainful activity during that period. Tr. 21. Nothing suggests the ALJ relied on the wrong date to reach the conclusion that Plaintiff was not disabled. Rather, the citations appear to be mere

typographical errors without any impact on the ALJ's final conclusion. The ALJ properly considered the relevant period its entirety. Any error was therefore harmless.

## II. Medical Opinion Testimony

Plaintiff argues the ALJ improperly rejected the opinion of an examining doctor, Dr. Weiss. Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. *Id.*; 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). More weight is also given to an examining physician than to a nonexamining physician. *Garrison*, 759 F.3d at 1012.

To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.*

Dr. Weiss examined Plaintiff on September 16, 2015. Tr. 319. He opined, in part, that Plaintiff suffered from Major Depressive Disorder, PTSD, and Generalized Anxiety Disorder. Tr. 322. He opined that Plaintiff had a number of moderate and marked limitations that would affect his ability to do work-related activities, including limitations in his ability to understand and remember simple instructions and interact with the public. Tr. 324–25. He also opined that Plaintiff met the requirements of listing 12.04 Affective Disorders. Tr. 323.[3]

The ALJ gave Dr. Weiss's opinion no weight. Tr. 27. The ALJ stated that

---

[3] To the extent Plaintiff challenges the ALJ's conclusion that he did not meet the requirements of listing 12.04, this argument is based exclusively on Dr. Weiss's opinion. Because the Court finds that the ALJ did not err in assigning Dr. Weiss's opinion no weight, Plaintiff's argument as to listing 12.04 is also without merit.

6 - OPINION & ORDER

> Dr. Weiss' opinion is internally inconsistent with his examination findings. Furthermore, while Dr. Weiss indicated that the claimant in unable to work due to PTSD, depression, and anxiety, his report makes note of the fact that the claimant has worked at substantial gainful activity levels while he was supposedly disabled due to these impairments. Moreover, the doctor's opinion is inconsistent with the claimant's own reported activities of daily living.

Tr. 27.

An ALJ may reject an opinion that is inconsistent with the medical record, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), or with the doctor's own findings, *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012)) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider."). Here, the ALJ concluded that Dr. Weiss's opinion was internally inconsistent with his examination findings. For example, Dr. Weiss opined that Plaintiff had "moderate" limitations in his ability to understand and remember simple instructions and "make judgments on simple work-related matters." Tr. 324. He had "marked" limitations in his ability to "carry out simple instructions" and make judgments on complex decisions. Tr. 324. However, Dr. Weiss noted no deficits on the cognitive portion of the Mental Status Examination. Tr. 322. Rather, he noted that Plaintiff "performed appropriately for a college graduate." *Id.*

The ALJ also noted that Dr. Weiss's opinion was inconsistent with Plaintiff's prior work history. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (substantial evidence supported ALJ's conclusion that doctor's identified conditions did not affect plaintiff's ability to work, where the evidence showed that plaintiff had faced these limitations for many years, and they had not prevented her from "completing high school, obtaining a college degree, finishing a Certified Nurses' Aide training program, and participating in military training."). While Dr. Weiss opined that Plaintiff was "unable to work due to PTSD, depression and anxiety," the ALJ

7 - OPINION & ORDER

noted that Plaintiff "had worked at substantial gainful activity levels while he was supposedly disabled due to these impairments." Tr. 27. Dr. Weiss wrote that Plaintiff reported the onset of his PTSD symptoms around 2007, after an altercation with his brother. Tr. 321. However, Dr. Weiss also noted that Plaintiff owned and managed an inn from 2006 to 2009. Tr. 319.

The ALJ also noted that Dr. Weiss's opinion was inconsistent with the claimant's own reported activities of daily living. Tr. 27. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (An ALJ may also reject an opinion that is inconsistent with a claimant's daily activities.). Here, besides the limitations described above, Dr. Weiss also found that Plaintiff had "marked" limitations in his ability to interact appropriately with the public, with supervisors, and with co-workers. Tr. 325. However, Plaintiff also reported activities that included shopping, managing his finances, playing golf, and seeing a friend weekly. Tr. 215, 277–78.

The ALJ therefore provided clear and convincing reasons supported by substantial evidence in the record for rejecting Dr. Weiss's opinion.

### III. Other Errors

Plaintiff briefly identifies several additional errors. None of these alleged errors provides a basis to reverse the ALJ's decision.

For example, Plaintiff challenges the ALJ's statement at step one that while Plaintiff "performed some work activity after his alleged onset date, that work was not performed at substantial gainful activity levels." *See* tr. 21. Specifically, Plaintiff argues that he did not perform any work after the alleged disability onset date. However, the record reflects that Plaintiff reported working approximately fifteen hours per week through the end of 2012, at least four months after his alleged disability onset date. Tr. 186.

Plaintiff also challenges the ALJ's statement that "no mention is made [in treatment notes] of whether the claimant received the medication or placebo" during his participation in a PTSD medication treatment study. *See* tr. 26. Plaintiff argues that he did, in fact, receive medication. Plaintiff does not, however, identify any records to support this position. Even if Plaintiff is correct, any error was harmless. As noted by Defendant, Plaintiff's diagnoses are not in dispute, and the ALJ cited this information to support his observation that Plaintiff received "little treatment for his mental health complaints." Tr. 26. Whether Plaintiff received medication or a placebo during a study for experimental treatment does not negate this observation.

Finally, Plaintiff challenges the vocational expert (VE) testimony provided by Jeffrey Tittlefits. Plaintiff argues the VE provided information about his work history during an irrelevant time period, never met with him or performed an evaluation, and is not a qualified clinical psychologist. Plaintiff misunderstands the role of a VE. The VE did not opine as to Plaintiff's disability or mental health conditions. Rather, the VE properly (1) described Plaintiff's vocational history, and (2) identified representative occupations based on Plaintiff's RFC. The ALJ did not err in relying on this testimony.

## CONCLUSION

The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this 26 day of April, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge